UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 0 7 2014 ★

BROOKLYN OFFICE

T.L., a student with a disability, by her parents
A.L. and R.L.

          Plaintiffs,

    – against –

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

          Defendant.

**MEMORANDUM, ORDER &
JUDGMENT**

12-CV-4483

**Appearances:**

For the Plaintiff:

> George P. Zelma
> Law Offices of George Zelma and David Berlin
> 28 West 44th Street, Suite 711
> New York, NY 10036

For the Defendant:

> Charles E. Carey, Jr.
> New York City Law Department
> 100 Church Street
> New York, NY 10007

**JACK B. WEINSTEIN, Senior United States District Judge:**

Table of Contents

I.   Introduction and Procedural History ................................................................2

II.  Order and Remand.................................................................................................2



## I. Procedural History

A.L. and R.L. sue the New York City Department of Education on behalf of their daughter, T.L., who has serious learning disabilities. They contend that the defendant failed to offer her a free appropriate public education, as required by the Individuals with Disabilities Education Act ("IDEA"). *See T.L. v. New York City Dep't of Educ.*, 938 F.Supp.2d 417, 422 (E.D.N.Y. 2013) (holding that T.L. had serious PICA problem requiring further consideration administratively).

Before the commencement of the present action, an impartial hearing officer ("IHO"), *see* 20 U.S.C. §§ 1415(f),(g), had granted to the parents prospective payment and reimbursement by the defendant for T.L.'s tuition and related educational services at the Rebecca School for the 2011-2012 school year. *See* ECF No. 26-5 (IHO decisions). A state review officer ("SRO") reversed, finding that the defendant had offered T.L. an appropriate public school education. *See* ECF No. 26-2 (SRO decision).

Both parties filed motions for summary judgment; the motions were denied. *T.L. v. New York City Dep't of Educ.*, 938 F.Supp.2d at 422. In accordance with normal practice in these cases, the case was remanded to the SRO, the highest state agency that ruled on the matter. *Id.* at 436-37.

Remand notwithstanding, both parties sought review of this court's non-final ruling before the United States Court of Appeals for the Second Circuit. *See* Pl.'s Notice of Appeal, June 6, 2013, ECF No. 38; Def.'s Notice of Cross Appeal, June 19, 2013, ECF No. 39. Since no final judgment had been entered, the Court of Appeals dismissed the appeal for lack of jurisdiction. *See* Mandate of USCA, June 26, 2014, ECF No. 43.

## II. Judgment & Order

The Court of Appeals' order of dismissal invited the district court to reconsider its April 2013 order remanding the matter to the SRO. *Id.* The appellate court noted that when an SRO decision "is inadequately reasoned, . . . a better-reasoned IHO opinion may be considered instead." *Id.* (citing *R.E. v. New York City Dep't of Educ.*, 694 F.3d 167, 189 (2d Cir. 2012)).

Although this court's April 2013 opinion characterized the administrative record as "deficient" and "unacceptably sparse," it also explained that "[t]he IHO opinion [properly] identif[ied] a number of issues about the Kennedy School facility that are of concern given T.L.'s PICA." 938 F.Supp.2d at 435. The IHO opinion was well enough reasoned to warrant an affirmance by the SRO and this court.

In contrast, the SRO decision reversing the IHO failed to offer "any analysis of the concerns raised by the IHO as well as by the parents regarding the school's building and classroom facilities and their effect on T.L.'s PICA." 938 F.Supp.2d at 436; *see also id.* ("Aside from noting the caution that would be exercised by the Kennedy School faculty in educating students with PICA needs, and the fact that items in the classroom were locked away, the SRO decision does not provide more detail about the school and class physical environment.").

The SRO's determination is insufficiently reasoned to merit the deference it would ordinarily receive. *See R.E.*, 694 F.3d at 189. A district court may, under these circumstances, consider a better reasoned IHO decision, which in this case identified the multifarious challenges posed by the student's PICA and properly analyzed the effect of the school's facilities and environment on the student's needs.

The record as developed by the IHO and the district court is adequate to permit entry of judgment, effectively ignoring the inadequate SRO decision as the Court of Appeals suggested.

3

With the passage of time, the equities have shifted sharply in favor of a prompt resolution of the case in plaintiff's favor. There has been too much delay and inadequate analysis at the SRO level.

The decision of the IHO is reinstated. Plaintiffs have met their burden under the second and third prongs of the *Burlington/Carter* test and are entitled to appropriate relief. *See Florence Cnty. Sch. Dist. Four v. Carter*, 510 U.S. 7 (1993); *Sch. Comm. of Town of Burlington v. Dep't of Educ.*, 471 U.S. 359 (1985).

The parents' request for tuition reimbursement for the 2011-12 school year is granted. Leave to file a fee application pursuant to 20 U.S.C. § 1415(i)(3)(B) is granted and respectfully referred to the magistrate judge.

SO ORDERED.

Jack B. Weinstein
Senior United States District Judge

Date:   July 29, 2014
        Brooklyn, New York